RECEIVED
APR 1 2 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EDMUND SCHEIDEL<br>D.O.C. #224366 | DOCKET NO. 12-cv-303; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| JOSHUA CLARK, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed in forma pauperis by pro se Plaintiff **Edmund Scheidel**. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC) and is housed at the Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff complains that he is strip searched twice a day because he works in the prison garment factory. He seeks compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts Alleged*

Plaintiff alleges that he is subjected to strip searches twice a day, has to walk barefoot on an unclean floor, and then has to go to lunch with unclean hands. [Doc. #1, p.3]

### *Law and Analysis*

Plaintiff has not alleged how the alleged facts violate his constitutional rights. To the extent he believes that the defendants lack probable cause to search him, his claim fails

because probable cause is not required to conduct strip searches on convicted prisoners. See Bell v. Wolfish, 441 U.S. 520, 558-59 (1979). The penological interest, as the Supreme Court and the Fifth Circuit have explained, is the maintenance of security and the location of contraband.

He also complains of the conditions of confinement. However, he he must allege facts suggesting that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001). This "risk must be of such a level that today's society would not tolerate it." Id. In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless showed "deliberate indifference" to the plaintiff's "health or safety." id.; see also Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998).

In order to successfully plead "deliberate indifference," the plaintiff must allege facts (and not conclusory allegations) which demonstrate that the defendants knew of but disregarded a substantial risk of serious harm to her health. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Further, he must plead facts which establish that the defendants: (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety

could be drawn and (2) that they actually drew an inference that such potential for harm existed. Id.

Plaintiff complains of exposure to germs during and after the strip searches. However, he has not alleged deliberate indifference or a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). He makes a conclusory allegation that the floor is not cleaned. The Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be. See McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D.La. Dec. 23, 2009).

Additionally, under 42 U.S.C. § 1997e(e), an inmate cannot recover for mental and emotional injury suffered while in custody without a prior showing of physical injury. The United States Fifth Circuit Court of Appeals, in interpreting this provision, has held that the phrase "physical injury" in §1997e(e) means an injury that is more than de minimis, but it need not be significant. See Alexander v. Tippah County, Miss., 351 F.3d 626 (5th Cir. 2003); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997)(where the Fifth Circuit first set forth its §1997e(e) definition of physical injury)). Even if Plaintiff could ultimately connect the athlete's foot to the floor of that particular room, his claim fails because athlete's foot is not more than a de minimis injury. See McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D.Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share

with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation."); see also Mahmoud v. Bowie, 234 F.3d 29, No. 99-31255, 2000 WL 1568178, at *2 (5th Cir. Sept. 14, 2000)(dismissing Plaintiff's claim for unsanitary shower conditions, holding that such claim was conclusional and/or de minimis and did not rise to the level of a constitutional violation).

### *Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be **denied and dismissed** with prejudice for failing to state a claim for which relief can be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas**

**v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _12_ day of April, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE